# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1591 JCH |
| | ) | |
| SUSAN SINGER and E.J.MOSS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.74728), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.30. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

## 28 U.S.C. § 1915(b)(1)

---

[1]Although plaintiff has indicated that he has not exhausted his administrative remedies with respect to his claims, because his claims are, on their face, frivolous and/or fail to state a claim for relief, the Court may dismiss the claims without first requiring the exhaustion of administrative remedies. See 42 U.S.C. §1997e.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $26.50, and an average monthly balance of $17.73. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.30 which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. §1983 for alleged violations of his constitutional rights. Named as defendants are Susan Singer (doctor) and E.J. Moss (Medical Administrator), both employees of Correctional Medical Services ("CMS"). Plaintiff alleges that he fell at the St. Louis City Justice Center, due to "hazardous

conditions," and as a result, he injured his legs and back. He alleges that although he received treatment for his medical conditions, he was in pain from his injuries until he was operated on, however, plaintiff fails to indicate the time period between the fall and the time period in which he believes he received proper medical treatment.

## Discussion

Plaintiff's complaint fails to state a claim for numerous reasons. First and foremost, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official - in this case, CMS. To state a claim against a government official in his or her official capacity, plaintiff must allege that a policy or custom of the governmental body is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978); Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993). The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged

violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, in order for plaintiff to state a claim for his "slip and fall," plaintiff must establish that (1) the condition complained of (the state of the floor) is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834(1994).

In order to satisfy the first prong of the Farmer test, plaintiff must show that the allegedly "hazardous conditions" of the floor rose to the level of a condition posing a substantial risk of serious harm to inmate health or safety. Farmer, 511 U.S. at 834. Plaintiff has not articulated exactly what made the floor at the St. Louis City Justice Center "hazardous," accordingly, he has not alleged a substantial risk of serious harm. Moreover, while a slippery floor is a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (noting that "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); Denz v. Clearfield County, 712 F.Supp. 65, 66 (W.D.Pa.1989)

(finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216-17 (N.D.W.Va.1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F.Supp. 161, 162, 163 (E.D.Pa.1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); Tunstall v. Rowe, 478 F.Supp. 87, 88, 89 (N.D.Ill.1979) (finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F.Supp. 1208, 1209, 1212-13 (W.D.Va.1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), aff'd, 618 F.2d 104 (4th Cir.1980). Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." Mitchell, 554 F.Supp. at 1217; see also Snyder, 473 F.Supp. at 1212-13 (noting that a prisoner's "slip and fall incident ... could just have easily occurred in any other state-owned facility," and that the "incident makes out nothing more than a common law tort").

Moreover, to state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Conclusory allegations and allegations of mere

negligence in giving or failing to supply medical treatment will not suffice. Id. Plaintiff has failed to plead facts sufficient to indicate a deliberate indifference to serious medical needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.30 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 31st Day of December, 2007.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE